```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS FERKLER and              :    CIVIL ACTION
EILEEN FERKLER, H/W             :
                                :
           Plaintiffs,          :    NO. 02-CV-4720
                                :
      vs.                       :
                                :    JUDGE MARY A McLAUGHLIN
STATE FARM FIRE AND CASUALTY    :
COMPANY,                        :
                                :
           Defendant.           :
```

### DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION OF DISMISS COUNT II (BAD FAITH) OF PLAINTIFFS' COMPLAINT

Defendant State Farm Fire & Casualty Company ("State Farm"), by and through its attorneys, Forry, Ullman, Ullman & Forry, P.C., hereby files the following Memorandum of Law in Support of its Motion to Dismiss Thomas Ferkler's and Eileen Ferkler's ("Plaintiffs") Complaint:

I. **FACTUAL BACKGROUND**

A Complaint in the above-captioned civil action was filed on in the Court of Common Pleas of Philadelphia County, Pennsylvania and removed to this Court on July 17, 2002. A true and correct copy of the Complaint is attached as Exhibit A to State Farm's Motion to Dismiss.

The Complaint alleges that Plaintiffs Thomas and Eileen Ferkler owned and resided at their home located at 77 Hartley Road, Lansdowne, Pennsylvania. The Complaint further avers that their residence was insured by State Farm under a Homeowner's insurance policy.

Plaintiffs contend that on or about May 29, 2001 they suffered a sudden and accidental direct physical loss to their home resulting in damage to the home and personal property contained therein. See Complaint at paragraph 5. Plaintiffs contend they gave notice of the loss to State Farm in a prompt and timely manner and performed all things required of them under the policy of insurance. See Complaint at paragraph 6.

Plaintiffs further allege that despite demand for benefits under the policy, State Farm failed and refused to pay Plaintiffs for the loss. See Complaint at paragraph 7.

The Complaint sets forth two counts against State Farm: Count I for breach of contract and Count II for bad faith under 42 Pa.C.S. Section 8371.

**II. ARGUMENT**

    **A. STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), a court is obliged to take all the well-pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff and determine whether the plaintiff is entitled to the relief under any reasonable reading of the pleadings. Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988), cert. denied, 489 U.S. 1065, 109 S.Ct. 1338 (1989).

A motion to dismiss may be granted if the court finds that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 335 U.S. 41, 45-46 (1957).

**B.  COUNT II (BAD FAITH) SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ADEQUATELY STATE A VALID CLAIM FOR BAD FAITH UNDER PENNSYLVANIA LAW**

Count II of the Complaint should be dismissed because it fails to state a valid claim for bad faith under 42 Pa.C.S.A. Section 8371.  Pennsylvania's bad faith statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1)  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2)  Award punitive damages against the insurer.
> (3)  Assess court costs and attorney's fees against the insurer.

The principal Pennsylvania case interpreting this bad faith statute is the Pennsylvania Superior Court's decision in Terletsky v. Prudential Property and Casualty Ins. Co., 437 Pa.Super. 108, 649 A.2d 680 (1994), appeal denied, 540 Pa. 641, 659 A.2d 560 (1995).  In Terletsky, the Superior Court held that to recover under a claim of bad faith, a plaintiff is required to prove two elements:  (1) that the insurer did not have a reasonable basis for denying benefits and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis.  Mere negligence or bad judgment on the part of the insurer is insufficient to constitute bad faith.

Reckless behavior, as defined by the Third Circuit in Polselli v. Nationwide Mutual Fire Ins. Co., 23 F.2d 747, 751 (3d Cir. 1994), is behavior in which the insurer deliberately acts in conscious disregard of, or with indifference to the rights of its

insured. Moreover, in <u>Jung v. Nationwide Mutual Insurance Co.</u>, 949 F.3d 747 (E.D.Pa. 1997), then Chief Judge Cahn held that under Pennsylvania bad faith law, an incorrect analysis of the law is insufficient to establish bad faith liability.

To establish a claim for bad faith, the insured has the burden of proving his allegations by "clear and convincing evidence." <u>Polselli v. Nationwide Mutual Fire Insurance Co.</u>, 126 F.3d 524, 528 (3d Cir. 1997); <u>Terletsky</u>, <u>supra</u>, 649 A.2d at 688. As the Superior Court of Pennsylvania stated in <u>MGA Insurance v. Bakos</u>, 699 A.2d 751, 754 (Pa.Super. 1997) a "recovery for bad faith requires clear and convincing evidence of bad faith, rather than mere insinuation."

There are no facts anywhere in the Complaint suggesting that State Farm acted without a reasonable basis, or with the knowledge that it lacked a reasonable basis in paying Plaintiffs' building claim and denying their personal property claim. To the contrary, the Complaint demonstrates what appears to have been a reasonable investigation of Plaintiffs' property damage claim, albeit one that did not reach the conclusion that Plaintiffs wanted it to reach. The Complaint contains absolutely nothing that would even suggest that this case is anything more than a straightforward and otherwise unremarkable dispute between Plaintiffs and State Farm concerning property damage to Plaintiffs' home, wherein State Farm concluded that the building damages were covered but that the personal property damages, if any, were not covered under the terms and conditions of the insurance policy. In short, this case involves a straightforward

4

coverage dispute regarding property damage, purportedly in an amount less than $50,000.00.

Count II (Bad Faith) of the Complaint merely sets forth conclusory and boilerplate averments that State Farm engaged in bad faith conduct by failing to pay all damages, failing to conduct a thorough investigation, misrepresenting pertinent facts or policy provisions, offering Plaintiffs benefits for their loss in an amount of money drastically below that which it would ultimately cost to replace and/or repair the loss, and treating Plaintiffs with reckless indifference and disregard. See Complaint at paragraphs 12 and 13.

There are no factual allegations in support of these allegations. Thus, the entire Count contains boilerplate allegations that State Farm unjustifiably denied Plaintiffs' claim. Such assertion is insufficient to make out a valid claim for bad faith under the law of Pennsylvania, let alone prove it by clear and convincing evidence.

Dismissal pursuant to Rule 12(b)(6) is appropriate where a plaintiff could not be granted relief "under any set of facts that could be proved consistent with the allegations." Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 71 (3d Cir. 1994). State Farm submits that dismissal of Plaintiffs' bad faith claim is warranted in this case.

### III. CONCLUSION

For the reasons set forth above, Defendant State Farm Fire & Casualty Company respectfully requests that its Motion to Dismiss

be granted and that Count II (Bad Faith) of Plaintiffs' Complaint be dismissed with prejudice.

                                Respectfully submitted,

                                **FORRY, ULLMAN, ULLMAN & FORRY, P.C.**

Dated: 07/23/02     By: _____
                                LEE E. ULLMAN, ESQUIRE
                                540 Court Street
                                P.O. Box 542
                                Reading, PA 19603
                                610 777-5700