```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS FERKLER and              :    CIVIL ACTION
EILEEN FERKLER, H/W             :
                                :
        Plaintiffs,             :    NO. 02-CV-4720
                                :
        vs.                     :
                                :    JUDGE MARY A McLAUGHLIN
STATE FARM FIRE AND CASUALTY    :
COMPANY,                        :
                                :
        Defendant.              :
```

## ORDER

**AND NOW** this _____ day of _____, 2002, upon consideration of the Defendant's Motion to Compel Entry Upon Land for Inspection, and the response thereto, if any, of the Plaintiffs,

**IT IS HEREBY ORDERED AND DECREED** that the Defendant's Motion is GRANTED and the Plaintiffs are directed to make their subject premises available for an inspection, by the Defendant's chosen structural engineer, on a date and at a time certain as to be agreed upon by counsel for the parties, and no later than thirty (30) days from the date of this Order.

                              BY THE COURT:


                              _____
                              HONORABLE MARY A. MCLAUGHLIN, J.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS FERKLER and              :    CIVIL ACTION
EILEEN FERKLER, H/W             :
                                :
         Plaintiffs,            :    NO. 02-CV-4720
                                :
         vs.                    :
                                :    JUDGE MARY A McLAUGHLIN
STATE FARM FIRE AND CASUALTY    :
COMPANY,                        :
                                :
         Defendant.             :
```

**DEFENDANT'S MOTION TO COMPEL
ENTRY UPON LAND FOR INSPECTION**

The Defendant, State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Forry, Ullman, Ullman & Forry, P.C., hereby files this Motion to Compel Entry Upon Land for Inspection and states in support of its motion as follows:

1. This action was filed by Praecipe for Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania, on or about May 24, 2002.

2. The Plaintiffs' Complaint was filed with the Court of Common Pleas of Philadelphia County, Pennsylvania, on or about June 10, 2002.

3. The Plaintiffs' Complaint alleges two counts, one sounding in breach of contract and one sounding in bad faith, arising from an alleged property damage loss of May 29, 2001.

4. Plaintiffs' Complaint alleges the loss to the Plaintiffs' premises resulted from an invasion of water through a hole in the roof.

5. On or about July 17, 2002, this action was removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, to this Honorable Court.

6. By correspondence dated August 28, 2002, counsel for the Defendant wrote Plaintiffs' counsel to advise that the Defendant had retained a structural engineer to perform an inspection of the Plaintiffs' home in connection with this matter. Attached hereto and incorporated herein as Exhibit "A" is the letter of August 28, 2002.

7. In the letter of August 28, 2002, Defendant's counsel proposed a specific date and time for the Defendant's expert's entry upon the Plaintiffs' land for the inspection of the Plaintiffs' property.

8. By correspondence dated September 18, 2002, counsel for the Plaintiffs inquired of counsel for the Defendant the purpose of this inspection in light the Defendant's prior inspections of the Plaintiffs' premises. Attached hereto and incorporated herein as Exhibit "B" is the letter of September 18, 2002.

9. By correspondence dated September 20, 2002, counsel for the Defendant advised Plaintiffs' counsel that the Defendant

had requested that a structural engineer inspect the Plaintiffs' property for the purpose of rendering an expert report in this matter, and further inquired as to whether or not counsel for the Plaintiffs would be agreeable to the inspection taking place on a specifically set forth date and time. Attached hereto and incorporated herein as Exhibit "C" is the letter of September 20, 2002.

10. By correspondence dated September 30, 2002, counsel for the Defendant confirmed that counsel for the Plaintiffs was unavailable for the inspection of his clients' property on September 30, 2002, and further requested that upon his return from vacation counsel for the Plaintiffs contact counsel for the Defendant to reschedule the inspection as soon as possible. Attached hereto and incorporated herein as Exhibit "D" is the letter of September 30, 2002.

11. By correspondence dated October 1, 2002, counsel for the Plaintiffs advised counsel for the Defendant that the Plaintiffs were refusing the Defendant's request to have an engineer inspect the Plaintiffs' premises. Attached hereto and incorporated herein as Exhibit "E" is the letter of October 1, 2002.

12. Federal Rule of Civil Procedure 34, "Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes", provides in relevant part that "[a]ny party may

serve on any other party a request … (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon". F.R.C.P. 34(a)(2).

13. The Defendant believes that its defense in this matter requires it to utilize the services of a structural engineer and seeks entry upon the Plaintiffs' property in order for the engineer to render an expert report.

14. For all of the above outlined reasons, the Defendant respectfully requests this Honorable Court enter an Order directing the Plaintiffs to make the subject premises available for an inspection by the Defendant's chosen structural engineer on a date and at a time certain to be agreed upon by counsel for the parties, but within no more than thirty (30) days of this Honorable Court's order.

WHEREFORE, the Defendant, State Farm Fire and Casualty Company, respectfully requests this Honorable Court enter an Order directing the Plaintiffs to make the subject matter premises available for an inspection by the Defendant's chosen structural engineer on a date and at a time certain to be agreed

upon by counsel for the parties and no later than thirty (30) days from the date of this Honorable Court's order.

                Respectfully submitted,

                FORRY, ULLMAN, ULLMAN & FORRY, P.C.

Dated: 10/29/02    By: _____
                LEE E. ULLMAN, ESQUIRE
                Attorney for Defendant
                Attorney I.D.  42428
                540 Court Street
                P.O. Box 542
                Reading, PA 19603
                (610) 777-5700

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| THOMAS FERKLER and | : | CIVIL ACTION |
| EILEEN FERKLER, H/W | : | |
| | : | |
| Plaintiffs, | : | NO. 02-CV-4720 |
| | : | |
| vs. | : | |
| | : | JUDGE MARY A McLAUGHLIN |
| STATE FARM FIRE AND CASUALTY | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Compel Entry Upon Land for Inspection, proposed Order, and supporting Memorandum of Law were served upon counsel of record this date via U. S. first class mail, postage prepaid, as follows:

                      Joseph A. Zenstein, Esq.
                      *ZENSTEIN & GALLANT, P.C.*
                      801 Old York Road
                      Noble Plaza, Suite 217
                      Jenkintown, PA  19046


                      FORRY, ULLMAN, ULLMAN & FORRY, P.C.


Dated:  10/29/02    By: _____
                          LEE E. ULLMAN, ESQUIRE
                          Attorney for Defendant
                          Attorney I.D.  42428
                          540 Court Street
                          P.O. Box 542
                          Reading, PA 19603
                          (610) 777-5700

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS FERKLER and            :   CIVIL ACTION
EILEEN FERKLER, H/W           :
                              :
        Plaintiffs,           :   NO. 02-CV-4720
                              :
        vs.                   :
                              :   JUDGE MARY A McLAUGHLIN
STATE FARM FIRE AND CASUALTY  :
COMPANY,                      :
                              :
        Defendant.            :
```

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO COMPEL ENTRY UPON LAND FOR INSPECTION**

The Defendant, State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Forry, Ullman, Ullman & Forry, P.C., hereby submits the following Memorandum of Law in support of its Motion to Compel Entry Upon Land for Inspection as follows:

I.  **FACTUAL BACKGROUND**

This action was instituted by the filing of the Plaintiffs' Praecipe for Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania, on or about May 24, 2002. The Plaintiffs' Complaint was then filed with the Court of Common Pleas of Philadelphia County, Pennsylvania, on or about June 10, 2002. The Plaintiffs' Complaint alleges two counts, one sounding in breach of contract and one sounding in bad faith, arising from an alleged property damage loss of May 29,

2001. A review of the Plaintiffs' Complaint will show that this same alleged loss pertained to an invasion of water into the Plaintiffs' premises through a hole in the roof of the premises. On or about July 17, 2002, this action was removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, to this Honorable Court.

Beginning in August, counsel for the Defendant began the process of securing an appropriate expert opinion in this action, and ultimately for the trial of this matter. By way of correspondence dated August 28, 2002, counsel for the Defendant wrote to Plaintiffs' counsel to advise that the Defendant had retained a structural engineer to perform an inspection of the Plaintiffs' home in connection with this matter. *See* Exhibit "A". In the aforementioned letter of August 28, 2002, Defendant's counsel proposed a specific date and time for the Defendant's expert's entry upon the Plaintiffs' land for the inspection of the Plaintiffs' property. *See* Exhibit "A".

By way of correspondence dated September 18, 2002, counsel for the Plaintiffs inquired of Defendant's counsel the purpose of the proposed inspection, in light of the Defendant's prior inspections of the Plaintiffs' property. *See* Exhibit "B". By way of correspondence dated September 20, 2002, Defendant's counsel advised Plaintiffs' counsel that the Defendant had requested that a structural engineer inspect the Plaintiffs'

property for the purpose of rendering an expert report in this matter. *See* Exhibit "C". By way of correspondence dated September 30, 2002, counsel for the Defendant confirmed that Plaintiffs' counsel was unavailable for an inspection of the Plaintiffs' property on September 30, 2002, the date that had been proposed in both of the Defendant's previous letters, and further requested that, upon his return from vacation, counsel for the Plaintiff contact Defendant's counsel to reschedule the inspection as soon as possible. *See* Exhibit "D".

By way of correspondence dated October 1, 2002, counsel for the Defendant learned for the first time that it was the intention of the Plaintiffs to deny the Defendant an opportunity to have an expert, of the Defendant's choice, inspect the Plaintiffs' premises, render an opinion and prepare a report in conjunction with this same inspection. *See* Exhibit "E". Accordingly, the Defendant has now filed its present Motion.

**II. LAW AND ARGUMENT**

The Plaintiffs' must make their subject premises available for entry upon and inspection by the Defendant's structural engineer pursuant to Federal Rule of Civil Procedure 34(a)(2). Federal Rule of Civil Procedure 34 is entitled "Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes" and provides in relevant part that "[a]ny party may serve on any other party a request … (2) to permit entry

upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon". F.R.C.P. 34(a)(2).

The Defendant has made a request to inspect the Plaintiffs' premises in this action. Specifically, the Defendant has requested, on repeated occasions, an opportunity to have its structural engineer perform an inspection of the Plaintiffs' home for the purposes of rendering an expert report in connection with this litigation. Despite the best efforts of Defendant's counsel, this inspection has yet to take place or even to be scheduled. While Defendant's counsel was initially of the belief that this was merely a scheduling issue, Plaintiffs' counsel's letter of October 1, 2002 shows that this is clearly much more than that.

A review of Exhibit "E" will show that Plaintiffs' counsel is attempting to take one of its legal arguments and use the same as a tool against the Defendant to prevent the Defendant from properly preparing its defense in this action. Whatever facts the Plaintiffs believe constitute their bad faith claim against the Defendant clearly exist in the past. Whatever the Defendant does to prepare its defense in this matter does not change these facts. If the Plaintiffs believe that they are

entitled to argue that the Defendant should have hired a structural engineer in the handling of the Plaintiffs' claim, then this argument is to be made at a more appropriate time and not during the discovery phase of this lawsuit.

It is fully anticipated that the Plaintiffs will argue that the Defendant has had multiple opportunities to inspect the Plaintiffs' property prior to the Defendant's most recent request. *Assuming arguendo* that this is true, these inspections were done as part of processing a claim. They were not done by a structural engineer for the purpose of rendering an expert opinion in an action and/or as part of the Defendant's preparation in defense of this litigation. Accordingly, it is respectfully submitted that the Plaintiffs' attempt to argue to this Honorable Court that the Defendant has already had an opportunity to inspect the Plaintiffs' premises is akin to comparing apples and oranges as to the nature and scope of these two types of inspections.

As referenced above and in the Defendant's present motion, the Defendant will be prejudiced if it is not allowed to have a structural engineer of its choice inspect the Plaintiffs' premises for the purpose of rendering an expert report in connection with this litigation. Defendant's counsel has diligently tried to move this matter forward with regard to this issue. Unfortunately, despite Defendant's counsel's best

efforts, such an inspection has yet to take place and will not happen without judicial intervention. Therefore, the Defendant has filed the present motion.

**III. CONCLUSION**

The Defendant, State Farm Fire and Casualty Company, respectfully requests this Honorable Court enter an Order directing the Plaintiffs to make their subject premises available for an inspection by the Defendant's chosen structural engineer on a date and at a time certain to be agreed upon by counsel for the parties, but no later than thirty (30) days from the date of this Honorable Court's Order.

                        Respectfully submitted,

                        FORRY, ULLMAN, ULLMAN & FORRY, P.C.

Dated: 10/29/02    By: _____
                            LEE E. ULLMAN, ESQUIRE