IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS FERKLER and EILEEN FERKLER, H/W | : : : | CIVIL ACTION |
| Plaintiffs, | : : | NO. 02-CV-4720 |
| vs. | : : : | JUDGE MARY A McLAUGHLIN |
| STATE FARM FIRE AND CASUALTY COMPANY, | : : : | |
| Defendant. | : | |

**DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S**
**MEMORANDUM OF LAW IN SUPPORT OF REMOVAL**

Defendant State Farm Fire & Casualty Company ("State Farm") by and through its attorneys, Forry, Ullman, Ullman & Forry, P.C., hereby files the following Memorandum of Law in Support of Removal:

**I.   FACTUAL BACKGROUND**

The Complaint in the above-captioned civil action was filed in the Court of Common Pleas of Philadelphia County and removed to this Court on July 17, 2002.

The Complaint alleges that State Farm insured the Plaintiffs' home located at 77 Hartley Road, Lansdowne, Pennsylvania under a Homeowners' insurance policy. Plaintiffs contend that on or about May 29, 2001, they suffered a sudden and accidental direct physical loss to their home resulting in damage to the home and personal property contained therein. See Complaint at paragraph 5. Plaintiffs contend they gave notice

of the loss to State Farm in a prompt and timely manner and performed all things required of them under the policy of insurance. See Complaint at paragraph 6.

Plaintiffs further allege that despite demand for benefits under the policy, State Farm failed and refused to pay Plaintiffs for the loss. See Complaint at paragraph 7.

The Complaint sets forth two counts against State Farm: Count I for breach of contract and Count II for bad faith under 42 Pa.C.S. Section 8371.

## II. ARGUMENT

### PLAINTIFFS' CLAIM FOR BAD FAITH AND PUNITIVE DAMAGES PLACES THIS CASE ABOVE THE JURISDICTIONAL THRESHOLD

Federal jurisdiction over this case is based on diversity of citizenship. A defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction to hear the matter. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Once a case has been removed, a federal court may remand if there has been a procedural defect in the removal, or if the court determines that it lacks federal subject matter jurisdiction to hear the case. See, e.g., Township of Whitehall v. Allentown Auto Auction, 966 F. Supp. 385, 386 (E.D. Pa. 1997).

At issue is whether this Court has subject matter jurisdiction over this case since the damages alleged in the *ad*

*damnum* clauses of the Complaint are for less than jurisdictional limits.

The Complaint includes a claim for bad faith under 42 Pa. C.S.A. § 8371. Pennsylvania's bad faith statute specifically authorizes punitive damages, as follows:

> **Actions on insurance policies**
>
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all or the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney's fees against the insurer.

See 42 Pa. C.S.A. § 8371.

This is not a case in which the only mention of punitive damages is a boilerplate recitation of damages included in an *ad damnum* or "wherefore" clause. To the contrary, Plaintiffs have chosen to file a claim against State Farm based on a Pennsylvania state statute that specifically authorizes an "award" of punitive damages (interest, costs and attorneys fees) "if the court finds" the insurer acted in bad faith.

State Farm did not act in bad faith in its handling of Plaintiffs' claim and intends to vigorously refute Plaintiffs' unfounded accusations that State Farm acted in bad faith.

3

However, Plaintiffs' claim for statutory punitive damages is a part of their lawsuit against State Farm and must be considered in determining the amount in controversy.

It is well-established law that punitive damages are properly considered in determining whether the amount in controversy has been satisfied. Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala., 64 S.Ct. 5 (U.S. Ala. 1943). In Henderson v. Nationwide Mutual Ins. Co., 169 F. Supp. 2d, 365 (E.D.Pa. 2001), this Court held that attorney fees, interest and punitive damages are included in the amount of controversy for purposes of diversity jurisdiction if they are available to a successful plaintiff under a statutory cause of action. Further, a punitive damages claim may be stricken from the amount in controversy only when such damages are unavailable as a matter of law, and are therefore "patently frivolous and without foundation." Packard v. Provident National Bank, 994 F.2d 1039, 1046 (3d Cir. 1993). See also Gray v. Occidental Life Insurance Co., 387 F.2d 935, 936 (3d Cir. 1968).

Whatever the dubious merits of Plaintiffs' punitive damages claim, that claim is statutorily authorized and, accordingly, cannot be said to be "unavailable as a matter of law."

Furthermore, the fact that Plaintiffs opted to plead their bad faith/punitive damages claim as being "in an amount not in excess of $50,000" is a fact of no legal significance

4

whatsoever. The reasons why this case should not be remanded were clearly articulated by Judge Hutton of the Eastern District of Pennsylvania in Feldman v. New York Life Insurance Co., C.A. 97-4684, 1998 WL 94800 (E.D. Pa. March 4, 1998)(attached as Exhibit A). As the Court noted in Feldman, Pennsylvania law permits plaintiffs to freely amend pleadings. Pennsylvania law also states that "any pleading demanding relief for unliquidated damages shall not claim any specific sum." See Rule 1021 (b) of the Pennsylvania Rules of Civil Procedure.

In Feldman, the Court observed, while considering the impact of an *ad damnum* clause limitation on an amount in controversy dispute,

> [M]ost states -- including Pennsylvania -- now have procedural rules that permit a plaintiff to receive whatever amount of damages justice requires, rendering such self-limitation a mere formality of pleading.

Id. at 4.

The Court ruled in Feldman that the plaintiffs could not "manipulate federal jurisdiction and defeat the Defendant's statutory right of removal" by "artful pleading alone," i.e., by stating in the Complaint's *ad damnum* clause, as Plaintiffs have in this case, that their damages do not exceed $50,000.00. Id.

The Third Circuit's decision in Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214 (3d Cir. 1999) supports Judge Hutton's analysis in Feldman. In Meritcare, the Third Circuit

5

observed that an *ad damnum* clause is "often a convenient and customary reference point to ascertain the amount in controversy." In conformity with Pennsylvania state practice, however, the *ad damnum* clause at issue in Meritcare (requesting damages in excess of $25,000.00) did not specify actual damages. As such, the Court found that the *ad damnum* clause was "little more than an open-ended claim that fails to answer the amount in controversy inquiry." Id.

The Third Circuit stated in Meritcare that a removed case must be remanded only "when it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332…." Id. See also St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, (1938). In Meritcare, both parties had agreed in pre-trial statements that Plaintiffs' compensatory damages amounted to no more than $5,000.00. Therefore, even though the actual damages were not established until later into the litigation, remand was appropriate.

By way of comparison, in Polselli v. Nationwide Mutual Fire Insurance Co., 23 F.3d 747, 749, (3d Cir. 1994), the Third Circuit upheld a punitive damages award of $75,000.00 arising out of a disputed claim for additional living expenses that settled for slightly more than $7,000.00.

As the Third Circuit stated in Meritcare, an *ad damnum* (or "wherefore") clause is a "convenient" and "customary" point of

6

reference, not a talismanic guide to the amount in controversy. The reasoning of the Court in Feldman clearly applies to this case as well: Plaintiffs cannot be permitted to "manipulate" federal jurisdiction and negate State Farm's statutory right of removal by merely making a generalized request for damages in an amount less than the amount needed for federal jurisdiction.

There is no dispute that if Plaintiffs' Complaint did not include a bad faith/punitive damages claim, there would not be federal jurisdiction over this case. However, so long as that claim is a part of this case, this Honorable Court cannot determine, "to a legal certainty" that the amount in controversy is less than $100,000.00.

In short, when Plaintiffs opted to file a bad faith/punitive damages claim against State Farm, that decision carried with it the apparently unforeseen consequence that Plaintiffs might lose their forum of choice. Although Plaintiffs' decision would carry with it no such consequence had Plaintiffs sued a Pennsylvania insurer, State Farm, as an Illinois corporation, is a "diverse" defendant and has the statutory right both to remove this lawsuit and to seek a judicial determination of Plaintiffs' claims according to Pennsylvania law as interpreted by this Court and the Third Circuit.

## III. **CONCLUSION**

    For the reasons set forth above, Defendant State Farm Fire & Casualty Company respectfully requests that this Court retain jurisdiction of this matter.

                              **FORRY, ULLMAN, ULLMAN & FORRY, P.C.**

Dated: 08/12/02     By: _____
                                LEE E. ULLMAN, ESQUIRE
                                540 Court Street
                                P.O. Box 542
                                Reading, PA 19603
                                610 777-5700