IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS FERKLER and<br>EILEEN FERKLER, H/W | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 02-CV-4720 |
| | : | |
| vs. | : | |
| | : | JUDGE MARY A McLAUGHLIN |
| STATE FARM FIRE AND CASUALTY<br>COMPANY, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant State Farm Fire & Casualty Company (hereinafter "State Farm"), by and through its attorneys, Forry, Ullman, Ullman & Forry, P.C., hereby files the following Answer and Affirmative Defenses to Plaintiffs' Complaint:

1. Admitted upon information and belief.

2. Denied as stated. It is specifically denied that State Farm's principal place of business is located in Lansdowne, Pennsylvania. Defendant State Farm is an Illinois corporation in the business of insurance, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois. It is admitted that State Farm is licensed to issue policies of insurance in the Commonwealth of Pennsylvania, including Philadelphia.

3. Admitted in part, denied in part. It is admitted that State Farm issued a homeowners policy of insurance, number 78-K4-9630-5, covering Plaintiffs' residence located 77 Hartley Road, Lansdowne, Pennsylvania. State Farm is without knowledge or information sufficient to form a belief as to whether Plaintiffs

are in possession of the policy.  Said policy was delivered to Plaintiffs by State Farm.

    4.   Denied as a conclusion of law.

    5.   Admitted in part, denied in part.  It is admitted only that while the subject policy was in force and effect, Plaintiffs reported that they sustained a water loss on or about May 29, 2001.  It is denied that the loss was a sudden and accidental direct physical loss and that the damages set forth in Plaintiffs' Public Adjuster's Estimate of Loss and Contents Inventory are covered damages under the policy of insurance.

    6.   Admitted in part, denied in part.  It is admitted only that the Plaintiffs reported the loss on May 29, 2001, however it is specifically denied that the loss was a covered loss under the policy.  The remaining averments are denied as a conclusion of law.

    7.   Denied as a conclusion of law.  By way of further answer, State Farm has paid Plaintiffs for all covered portions of the subject loss.

    8.   Denied as a conclusion of law.  By way of further answer, State Farm has paid Plaintiffs for all covered portions of the subject loss, and handled Plaintiffs' claim in a good faith and reasonable manner.

    9.   State Farm incorporates by reference its responses contained in paragraphs 1 through 8 above as though same were set forth herein.

    10.   Denied as a conclusion of law. By way of further answer, State Farm has paid Plaintiffs for all covered portions of the subject loss.

11. State Farm incorporates by reference its responses contained in paragraphs 1 through 10 above as though same were set forth herein.

12. Denied as a conclusion of law. By way of further answer, State Farm has handled Plaintiffs' claim in a good faith and reasonable manner.

13. (a) – (h). Denied as conclusions of law. By way of further answer, State Farm has paid Plaintiffs for all covered portions of the subject loss, and handled Plaintiffs' claim in a good faith and reasonable manner.

14. Denied as a conclusion of law. By way of further answer, State Farm has handled Plaintiffs' claim in a good faith and reasonable manner.

**WHEREFORE,** Defendant State Fire & Casualty Company respectfully requests that this Court enter judgment for State Farm and against Plaintiffs.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. On July 10, 2001, State Farm paid Plaintiffs for the covered damages caused by the subject water loss (net ACV of $11,815.13). State Farm tendered a supplemental payment in August 2001. Accordingly, State Farm paid Plaintiffs a total of $13,278.08, representing the covered portions of the loss.

3. The remaining damages claimed by Plaintiffs are not covered and/or excluded under the terms and conditions of the applicable policy of insurance.

4. State Farm did not breach its policy of insurance with Plaintiffs with regard to the May 29, 2001 water damage loss.

5. At all relevant times hereto, State Farm acted with good faith and fair dealing in handling Plaintiffs' claim.

6. Plaintiffs' claims are barred by the doctrines of payment and accord and satisfaction.

**WHEREFORE,** Defendant State Fire & Casualty Company respectfully requests that this Court enter judgment for State Farm and against Plaintiffs.

Respectfully submitted,

**FORRY, ULLMAN, ULLMAN & FORRY, P.C.**

Dated: 12/03/02          By: _____
LEE E. ULLMAN, ESQUIRE
540 Court Street
P.O. Box 542
Reading, PA 19603
610 777-5700